**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| |
|---|
| ORDANNY E.G., |
| Petitioner, |
| v. |
| ALFARO ORTIZ, et al., |
| Respondents. |

Case No. 2:21-cv-5502 (BRM)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 filed by Petitioner Ordanny E.G. ("Petitioner"). (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 4), to which Petitioner replied (ECF No. 5). For the following reasons, this Court will grant the Petition and direct Respondents to provide Petitioner with an individualized bond hearing before an immigration judge within fourteen days of the date of this order, in accordance with the Third Circuit's decision in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3d Cir. 2020).

**I. BACKGROUND**

Petitioner is a native and citizen of the Dominican Republic, who was admitted to the United States as a lawful permanent resident in October 1994. (ECF No. 4-1 at 1.) On May 14, 2019, Petitioner was convicted in New Jersey Superior Court, Bergen County for the offense of manufacturing/distributing or intent to manufacture/distribute fentanyl in violation of N.J. Stat. Ann. § 2C:35-5A(1) and § 2C:35-5B(4). (*See id.*)

On February 3, 2020, Petitioner was served with a Notice to Appear charging Petitioner as removable pursuant to sections 237(a)(2)(B)(i) and (a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). (*See* ECF Nos. 4-1, 4-2.) On February 13, 2020, Petitioner appeared with counsel at a master calendar hearing. (*See* ECF No. 4-4 ("Baptista Decl.") at ¶ 3.) Petitioner admitted to the allegations and conceded removability as to the first charge, and the second was left undecided. (*Id.*; *see also* ECF No. 1 ("Choquette Decl.") at ¶ 6.) The matter was continued to allow Petitioner time to prepare. (Baptista Decl. at ¶ 3.) At a master calendar hearing on March 4, 2020, Petitioner's counsel filed a motion to withdraw. (*Id.* at ¶ 4.) The immigration judge ("IJ") granted the motion and continued the matter to March 11, 2020, to allow Petitioner time to secure representation. (*Id.*) On March 11, 2020, Petitioner appeared *pro se* before the IJ and filed an application for relief from removal. (*Id.* at ¶ 5.) The IJ adjourned the master calendar hearing until April 6, 2020, to allow Petitioner to file other applications for relief. (*Id.*) On March 27, 2020, Petitioner filed an additional application for relief from removal. (*Id.* at ¶ 6.)

On April 6, 2020, Petitioner appeared with counsel at the master calendar meeting, which was then adjourned until April 29, 2020, to allow counsel time to file any counseled applications for relief to replace Petitioner's *pro se* applications. (Choquette Decl. at ¶ 10.) At the April 29, 2020, master calendar hearing, the IJ sustained the second charge of removability and denied Petitioner's initial application for relief. (Baptista Decl. at ¶ 8.) The master calendar hearing was adjourned to June 10, 2020, for an individual calendar hearing on the merits. (*Id.*) Petitioner was granted a continuance on May 19, 2020, and the hearing was rescheduled for August 11, 2020. (*Id.*

at ¶¶ 9, 10.) On July 22, 2020, Petitioner motioned for another continuance, which the IJ granted, and the hearing was adjourned to September 22, 2020. (*Id.* at ¶¶ 11, 12.)[1]

The individual calendar meeting began on September 22, 2020, and was adjourned to October 15, 2020, for additional testimony. (*Id.* at ¶ 17.) Following the October 15, 2020 hearing, the IJ adjourned the hearing again for additional testimony. (*Id.* at ¶ 21.) A third individual hearing was held on October 29, 2020. (*Id.*) On December 7, 2020, the IJ issued a written decision denying Petitioner's application for relief and ordered him removed. (*Id.* at ¶ 23.) Petitioner appealed the decision to the Board of Immigration ("BIA") on December 31, 2020. (*Id.* at ¶ 24.) That matter remains pending. (*Id.* at ¶ 26.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95, 500 (1973); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

---

[1] Petitioner submits the May 19, 2020, and July 22, 2020, request for continuances were necessary because Petitioner was unable to have a private confidential meeting with counsel due to the COVID-19 pandemic and the rules implemented at the Essex County Jail. (*See* Choquette Decl. at ¶¶ 34–39.)

3

## III. DECISION

### A. Bond Hearing

In his habeas petition, Petitioner argues his continued detention has become so prolonged that it amounts to an unconstitutional application of 8 U.S.C. § 1226(c). Petitioner's claim and request for an individualized bond hearing are governed by the Third Circuit's recent decision in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210–11 (3d Cir. 2020).

There, the Third Circuit clarified that its due process analysis in *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), and *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011), survives the Supreme Court's 2018 decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).[2] *See German Santos*, 965 F.3d at 210 (explaining that *Jennings* "did not touch the constitutional analysis that led *Diop* and *Chavez-Alvarez* to their reading"); *see also Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) ("*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long."). Therefore, the constitutional analysis in *Diop* and *Chavez Alvarez* is still good law, and those cases govern as-applied challenges under § 1226(c). *See id.*

Under the *German Santos* test, a district court evaluating the constitutionality of prolonged detention under 8 U.S.C. § 1226(c) must consider the following factors: (1) the length of detention

---

[2] In *Jennings v. Rodriguez*, the Supreme Court reversed the Ninth Circuit's holding that three detention provisions of the INA—8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed these three provisions to require an automatic bond hearing before the immigration judge ("IJ") at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078–85 (9th Cir. 2015). The Court rejected the lower court's "implausible constructions" of the three detention statutes, and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention under the three provisions becomes prolonged. *Id.* at 842–47, 851.

in light of the likelihood of whether detention under the statute is likely to continue; (2) the reasons for the delay which caused the petitioner's detention to become prolonged, including whether either party made errors in bad faith or out of carelessness, which unnecessarily prolonged removal the proceedings; and (3) finally whether the conditions of confinement are "meaningfully different from criminal detention." *German Santos*, 965 F.3d at 210–11. The first factor—the length of detention—is the most important factor and should be accorded the greatest weight in the weighing of the length of a petitioner's detention. *Id.* at 211. Although the Third Circuit rejected a bright-line rule and held detention of even over a year may well pass constitutional muster, the Third Circuit reaffirmed that "when detention [becomes so prolonged as to be] unreasonable, the Due Process Clause demands a [bond] hearing." *Id.* at 210. Where an alien has been detained for a considerable period of time well in excess of a year, the alien's detention is likely to continue, and the alien's delay has resulted from good faith challenges to his removal, the factors suggest that the alien's detention has become unreasonable, and a bond hearing is warranted, especially if his conditions of confinement are punitive in nature. *See id.* at 210–213. In *Diop*, 656 F.3d at 234, the Third Circuit explained that detention "becomes more and more suspect" after five months, and held that the two-year-and-eleven-month detention of an alien who had been granted withholding of removal was unreasonable. *Id.* at 233–34. In *Chavez Alvarez*, 783 F.3d at 478, the Court held that a lawful permanent resident's detention became unreasonable sometime between six months and a year.

The Third Circuit examined German Santos's two-and-one-half years detention and determined, "[g]iven its length, likelihood of continuing, and conditions, [the detention had] become unreasonable. *German Santos*, 965 F.3d at 212. The Third Circuit explained it was likely German Santos's detention would continue, as his appeal before the BIA was still pending, and he

5

would thereafter seek review of the BIA's decision by the Court. *See id.* As for the second factor, the Court found no evidence of bad faith by the Government or by German Santos, so "this factor [did] not favor either side." *Id.* Finally, the Court noted that German Santos was detained "alongside convicted criminals since late 2017" and "[d]espite its civil label, his detention is indistinguishable from criminal punishment." *Id.* at 212-13.

No particular number of months marks the border between constitutional and unconstitutional detention, but some guidelines can be gleaned from the case law. Courts within this district have previously found detention for over one year can violate due process. *See e.g.*, *Felix S. v. Decker,* Civ. No. 20-1414, 2020 WL 1527982, at *4 (D.N.J. Mar. 31, 2020) (14 months); *Charran R. v. Barr*, Civ. No. 19-16070, 2020 WL 219872, at *4 (D.N.J. Jan. 14, 2020) (21 months); *Pryce v. Green*, Civ. No. 18-3501, 2019 WL 2118785, *4 (D.N.J. May 15, 2019) (22 months); *Oscar B. v. Warden, Essex Cty. Corr. Facility*, Civ. No. 18-11524, 2019 WL 1569822, at *3 (D.N.J. Apr. 10, 2019) (16 months); *Thomas C. A. v. Green*, Civ. No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, Civ. No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months).

Here, Petitioner has been detained pursuant to § 1226(c) for sixteen months. Based on the fact that Petitioner's detention exceeds a year, the length of detention weighs in Petitioner's favor. Petitioner's appeal to the BIA is still pending, as such, his detention is likely to continue for a period of time out of Petitioner's control. The length of Petitioner's detention does not appear to be attributable to any unnecessary delay of bad faith on the part of Petitioner or the Government. Petitioner has been actively pursuing his legal remedies. Petitioner's conditions of confinement at Essex County Jail are not meaningfully distinguishable from criminal punishment, particularly in light of the ongoing COVID-19 pandemic. Based on the above weighing of the *German Santos*

factors, the Court finds Petitioner's sixteen-month detention is unreasonable and will grant the habeas petition. The Court directs the Government to provide Petitioner with a bond hearing before an immigration judge, where the Government bears the burden of proof to justify detention by clear and convincing evidence. *See German Santos*, 965 F.3d at 213 ("We have already held that the Government bears the burden of proof. That burden, we now hold, is to justify detention by clear and convincing evidence.").

## B. Injunction

Petitioner also requests the Court issue an injunction and direct DHS/ICE not to transfer Petitioner from the jurisdiction of this Court during the pendency of these proceedings. As the Supreme Court has explained, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004); *see also Chavez-Rivas v. Olsen*, 194 F. Supp. 2d 368, 376 (D.N.J. 2002) (explaining "where an [immigration detainee and] habeas petitioner properly files a habeas petition in the district where he is incarcerated, and the petitioner is subsequently transferred to a facility outside of that district, . . . the original District Court [may] retain jurisdiction over the habeas petition," by naming an appropriate respondent over whom the Court has jurisdiction, such as the Attorney General). Thus, in the event Petitioner is transferred but not removed, this Court will retain jurisdiction over Petitioner's current petition as Petitioner names as Respondent a custodian within the Court's jurisdiction. Therefore, this Court finds it has proper jurisdiction and is capable of granting Petitioner the relief he seeks—a bond hearing—regardless of any transfer. Because this Court will retain jurisdiction over this matter unless and until Petitioner is removed from the United States, because this Court has no

7

jurisdiction to interfere with actions taken in furtherance of Petitioner's removal pursuant to his currently final order of removal, *see, e.g.,* 8 U.S.C. §§ 1252(a)(5), (b)(9), and because the protective order Petitioner seeks is unnecessary, Petitioner's request for an order barring his transfer during the pendency of this matter is denied without prejudice.

**III. CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **GRANTED**, and petitioner shall receive a bond hearing before an immigration judge within fourteen days. An appropriate order follows.

Date: July 8, 2021

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**